CT Corporation

**Service of Process Transmittal**
09/06/2018
CT Log Number 534011657

**TO:**     Michelle Ellis
            Shriners Hospitals for Children
            2900 N Rocky Point Dr
            Tampa, FL 33607-1460

**RE:**     **Process Served in Kentucky**

**FOR:**    Shriners Hospitals for Children  (Domestic State: CO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KRISSI WATKINS, Pltf. vs. SHRINERS HOSPITALS FOR CHILDREN, INC., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Verification, Notice(s) |
| **COURT/AGENCY:** | Fayette County Circuit Court, KY Case # 18CI03111 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/06/2018 postmarked on 09/04/2018 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within twenty (20) days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Robyn Smith Abney Law Office, PLLC 624 West Main Street 5th Floor Louisville, KY 40202 502-498-8585 |
| **REMARKS:** | Even though document indicate entity name as SHRINERS HOSPITALS FOR CHILDREN, INC. only entity registered with the name which is Shriners Hospitals for Children |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780124697073 |
| | Email Notification,  Michelle Ellis  MEllis@shrinenet.org |
| | Email Notification,  Laurie Spieler  LSpieler@shrinenet.org |
| | Email Notification,  Lori Czternastek  Lczternastek@shrinenet.org |
| | Email Notification,  Cathy Higgins  chiggins@shrinenet.org |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street Suite 512 Frankfort, KY 40601 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of  1 / DC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



CIRCUIT COURT CLERK V

FAYETTE CIRCUIT & DIST

CIRCUIT COURT CIVIL DIV

ROBERT F. STEPHENS CLE

120 NORTH LIMESTONE

LEXINGTON, KENTUCKY 4



7018 0680 0000 8680 1605



U.S. POSTAGE >> PITNEY BOWES

ZIP 40507    $ 007.09⁰
02 4ff
0000339338 SEP. 04. 2018

CT CORPORATION SYSTEM

306 W. MAIN ST. #512

FRANKFORT, KY 40601



40601$1840 C003

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

CT CORPORATION SYSTEM
306 WEST MAIN STREET
SUITE 512
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 18-CI-03111

Envelope Number: 1194321

Package Retrieval Number: 11943218738213@00000820624

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.19

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more
information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000001 of 000013

| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-03111**<br>Court:  **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **WATKINS, KRISSI VS. SHRINERS HOSPITALS FOR CHILDREN, INC.**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **306 WEST MAIN STREET**
     **SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is SHRINERS HOSPITALS FOR CHILDREN, INC.

The Commonwealth of Kentucky to Defendant:
**SHRINERS HOSPITALS FOR CHILDREN, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                    /s/ Vincent Riggs, Fayette Circuit Clerk
                    Date: **09/04/2018**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____ , 20 _____      _____
                                        Served By
                                        _____
                                        Title

---

Summons ID: 11943218738213@00000820624
CIRCUIT: 18-CI-03111 Certified Mail
WATKINS, KRISSI VS. SHRINERS HOSPITALS FOR CHILDREN, INC.

                    Page 1 of 1          *eFiled*

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000002 of 000013

CASE NUMBER _____                    **FAYETTE CIRCUIT COURT**
                                                        **DIVISION _____**

*Electronically Filed*

**KRISSI WATKINS**                                          **PLAINTIFF**

**v.**

**SHRINERS HOSPITALS FOR CHILDREN, INC.**              **DEFENDANT**

SERVE:      CT Corporation System
            306 West Main Street
            Suite 512
            Frankfort, Kentucky 40601

*JURY TRIAL DEMANDED*

*************************************************************

## COMPLAINT

Comes the Plaintiff, Krissi Watkins and, for her Complaint against the Defendant, Shriners

Hospitals for Children, Inc., states as follows:

## THE PARTIES

1.      Plaintiff Krissi Watkins is a Kentucky resident and a Kentucky worker.  At all relevant

times, Ms. Watkins was a qualified individual with a disability within the meaning of the Kentucky

Civil Rights Act and the Americans with Disabilities Act.

2.      Shriners Hospital for Children, Inc. is a non-profit foreign corporation providing doing

business in the Commonwealth of Kentucky.  Its principal Kentucky facility is located at 110 Conn

Terrace, Lexington, Kentucky 40508.  Its principal corporate office is in Tampa, Florida.

3.      CT Corporation System serves as Defendant's registered agent for service of process in the

Commonwealth.  That agent's Kentucky address is 306 West Main Street, Suite 512, Frankfort,

Kentucky 40601.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000003 of 000013

4.      All of the parties' transactions, acts, and omissions described herein took place in Fayette County, Kentucky.

## JURISDICTION AND VENUE

5.      Plaintiff's causes of action are brought pursuant to the Kentucky Civil Rights Act, KRS Chapter 344, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008.

6.      Jurisdiction is proper in this Court pursuant to KRS 23A.010(1) and KRS 344.450.

7.      Venue in this action is proper in the Fayette Circuit Court pursuant to KRS 452.450 and KRS 452.460(1), because, *inter alia*, Plaintiff contracted with Defendant for employment at its Fayette County facility and the injury arising from these events was done to the Plaintiff from this jurisdiction.

8.      At all times material to this action, Plaintiff was an "employee" as defined by KRS Chapter 344, and Defendant was an "employer" as defined in KRS Chapter 344.

9.      At all times material to this action, Plaintiff was an "employee" as defined by the Americans with Disabilities Act, and Defendant was an "employer" as defined in the Americans with Disabilities Act.

10.     This matter was the subject of an investigation by the Equal Employment Opportunity Commission, which terminated on August 1, 2018 by the issuance of a right-to-sue notice. That notice is attached hereto as Exhibit A to this Complaint. All required administrative remedies have been exhausted, and this action is timely under the federal and state laws.

## FACTS

Filed                18-CI-03111      09/04/2018              Vincent Riggs, Fayette Circuit Clerk

11.     Plaintiff is an individual with a disability, cancer, which was not expected to resolve within six months of diagnosis and which did not resolve within six months of diagnosis.

12.     Plaintiff applied to work for Defendant's benefit in early 2018, and she was hired to perform the job of Revenue Cycle Coordinator on February 5, 2018.

13.     After accepting the position, Plaintiff was told by Defendant's Human Resources staff that her employment would commence upon completion of a background check and a drug screen.

14.     In reliance on this commitment, Plaintiff resigned her previous employment and planned to begin work for Defendant's benefit.

15.     In the days thereafter, Plaintiff attended a medical appointment, where her health care providers identified a condition that appeared in a routine mammogram that appeared to be a suspicious mass.

16.     Plaintiff scheduled a biopsy of the mass in order to obtain a more detailed prognosis.

17.     The biopsy confirmed that the mass was invasive carcinoma breast cancer.

18.     Invasive carcinoma breast cancer interferes with the operations of a person's major bodily functions of normal cell growth, including others.

19.     Breast cancer also causes episodic flare-ups that require attention, sometimes including a small period of time to recover.

20.     On February 14, 2018, Ambra Knoche from Human Resources contacted Plaintiff to confirm that she had passed the employment screens and that Plaintiff's expected starting date would be February 26, 2018.

21.     On the same date, Plaintiff disclosed to Ms. Knoche that she had been diagnosed with breast cancer, and that she did not yet know what her treatment needs would be.

22.     Due to that disclosure, Defendant regarded Plaintiff as a disabled worker.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000005 of 000013

Filed          18-CI-03111     09/04/2018          Vincent Riggs, Fayette Circuit Clerk

23.     Due to her medical condition, Plaintiff was, in fact, a disabled worker.

24.     Plaintiff's disclosures to Defendant, through its agents, were made for the purpose of engaging in the interactive process for disability accommodation.

25.     Plaintiff advised Defendant, through Ms. Knoche, that her treatment plan would not be developed until a later medical appointment on February 26, 2018.

26.     Acting within the scope of her authority as Defendant's agent, Ms. Knoche told Plaintiff that she was "sorry that [Plaintiff] has to go through that," but that she did not think Plaintiff could retain her position in light of her diagnosis.

27.     Plaintiff responded that it was at that point unclear what the treatment needs would be – or even whether it would be necessary to miss any time from work.

28.     Plaintiff further advised Ms. Knoche that she was aware that it was possible for workers to work while receiving cancer therapies and treatments, and that she was inclined to attempt to do so.

29.     Ms. Knoche responded that she did not know if that was possible and would check with a worker named Debra in the Human Resources Department to get further information.

30.     The next day, Ms. Knoche contacted Plaintiff, on a speaker-phone conference with the worker named Debra, and the workers told Plaintiff that they could not allow Plaintiff to work for Defendant as planned.

31.     The women explained to Plaintiff that she would not be covered by Family and Medical Leave Act (FMLA) leave entitlements, and that she could be terminated after three "occurrences" of absence, even if they were related to the cancer.

32.     Ms. Knoche further instructed Plaintiff to write a statement stating that Plaintiff agreed to rescind her acceptance of the job offer due to her illness.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000006 of 000013

33.    At no time did Defendant's agents discuss intermittent leave attendant to treatment as a disability accommodation.

34.    At no time did Defendant's agents request additional information from Plaintiff or a medical care provider to better understand the cancer-related accommodation needs.

35.    At no time did Defendant's agents engage in any form of interactive process to determine whether the facility could accommodate the as-yet-unknown accommodation needs.

36.    Instead, Defendant's agents conveyed instructions to Plaintiff that were conditions for any future employment consideration, and Plaintiff understood those instructions to be conditions of future consideration.

37.    At Defendant's agents' demand, Plaintiff wrote the required email, reciting the statements that Defendant's agents told her to write.

38.    Plaintiff immediately attempted to mitigate her damages by seeking to rescind her tendered resignation with her prior employer.

39.    She was unsuccessful, as that employer had already begun to fill Plaintiff's position.

40.    Defendant's actions left Plaintiff financially destitute, without wage income or benefits. This level of damage was particularly harmful to Plaintiff as she undertook to treat a major debilitating disease for which treatment is expensive and access to quality care is often a function of maintaining decent health insurance.

41.    Defendant's actions have caused Plaintiff undue and extreme mental and emotional distress, which have compounded Plaintiff's emotionally harrowing experience as a cancer patient.

42.    Plaintiff could have obtained cancer treatment that would have minimally, if at all, interfered with any job duty.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000007 of 000013

43. Plaintiff remained qualified for the job at all times during her cancer treatments and could have performed the essential duties with reasonable accommodation.

44. Defendant's practice of refusing to even engage in the interactive process has the foreseeable and likely effect of fraudulently, oppressively, and maliciously harming Kentucky's disabled workers.

45. Defendant intentionally and willfully engages in a pattern of conduct that is fraudulent, malicious, oppressive, and without due regard for the rights of others.

46. Defendant authorized or ratified the fraudulent, oppressive, and malicious conduct of its agents, or it should have reasonably anticipated their fraudulent, oppressive, and malicious conduct.

## I. DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. Plaintiff's claims against the Defendant arise under the Kentucky Civil Rights Act, Kentucky Revised Statutes Chapter 344, *et seq.* ("KCRA") and the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act (the "ADA" and the "ADAAA") and relate to her employment by the Defendant.

49. Defendant is an employer within the meaning of the KCRA and the ADA/ADAAA.

50. Plaintiff is a qualified individual with a disability within the meaning of the KCRA and the ADA/ADAAA.

51. Defendant regarded Plaintiff as a disabled worker under the meanings of the KCRA and the ADA/ADAAA.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000008 of 000013

Filed                    18-CI-03111     09/04/2018              Vincent Riggs, Fayette Circuit Clerk

52.   As described above, the Defendant has repeatedly and willfully failed to provide the Plaintiff with reasonable accommodations to her disability – or to even engage in the interactive process required for the determinations of reasonable accommodations.

53.   Defendant has never articulated an undue hardship that it believes it will suffer as a result of making reasonable accommodations.

54.   Defendant's refusal to participate in the crucial interactive process violates the prevailing law of disability accommodation.

55.   Defendant's conduct violated the KCRA's and the ADA/ADAAA's requirements that employers provide reasonable accommodations to their disabled employees.

56.   Defendant discriminated against Plaintiff on the basis of her disability, in violation of the KCRA and the ADA/ADAAA.

57.   As a direct and proximate cause of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, emotional stress, and mental anxiety, for all of which she should be compensated.

58.   Plaintiff is entitled to all relief, legal and equitable, available under the KCRA and ADA/ADAAA, including punitive damages.

## II. RETALIATION

59.   Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

60.   Plaintiff engaged in protected activity under the KCRA and the ADA/ADAAA by making a request for Defendant to accommodate her disability.

61.   Plaintiff was subjected to adverse actions by the Defendant because she engaged in activity protected under the state and federal law.

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000009 of 000013

62. A reasonable employee in Plaintiff's position would have found the Defendant's actions materially adverse.

63. There exists a causal connection between the Defendant's materially adverse actions toward Plaintiff and her protected activity.

64. Defendant's conduct violated the KCRA's and ADA/ADAAA's anti-retaliation provision. *See* KRS 344.280; 42 U.S.C. § 12203.

65. As a direct and proximate result of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, emotional stress, and mental anxiety, for all of which she should be compensated.

66. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA and the ADA/ADAAA. This relief shall include compensatory damages, attorneys' fees and costs, punitive damages, back pay, front pay, and any appropriate injunctive relief.

Wherefore, Plaintiff respectfully demands:

1. Judgment against Defendant;

2. Compensatory damages as authorized by the Kentucky Civil Rights Act and the Americans with Disabilities Act;

3. Equitable relief to which she appears entitled, including reinstatement, promotion, restoration and grant of entitlements, and any other appropriate injunctive relief;

4. Punitive damages as authorized by applicable federal law;

5. Trial by jury;

6. Pre- and post-judgment interest on her judgment as recoverable under the law;

7. A sum to compensate for any tax consequences incurred by the sum of Plaintiff's award;

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000010 of 000013

8.  Her costs and attorneys' fees as recoverable under the law;

9.  Leave to amend this Complaint as the law and orders of the Court permit; and

10. Any and all other relief to which she may appear entitled.


Respectfully submitted,

/s/        Robyn Smith
Robyn Smith
Jeremiah Reece
Abney Law Office, PLLC
624 West Main Street
5th Floor
Louisville, Kentucky 40202
(502)498-8585
robyn@abneylegal.com
jreece@abneylegal.com
*Counsel for Plaintiff*

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000011 of 000013

## VERIFICATION

I, the undersigned, state that the foregoing are true and correct to the best of my knowledge.

_Krissi Watkins_
KRISSI WATKINS

STATE OF _KENTUCKY_                )

COUNTY OF _JEFFERSON_           )

Subscribed, sworn to and acknowledged before me this _31ST_ day of _August_ , 20 _18_ by Krissi Watkins to be her true act and deed.

_Robyn Sims_
NOTARY PUBLIC
MY COMMISSION EXPIRES: _11-30-2018_

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000012 of 000013

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Krissi Watkins<br>401 Springhill Dr<br>Lexington, KY 40503 | From: Louisville Area Office<br>600 Dr Martin Luther King Jr Pl<br>Suite 268<br>Louisville, KY 40202 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2018-12049 | Marcus D. Sanders,<br>Investigator | (502) 582-5826 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Richard T. Burgamy,_      AUG - 1 2018

**Richard T. Burgamy,**
**Area Office Director**      (Date Mailed)

Enclosures(s)

cc:
Sharon L. Gold
Counsel
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Ste. 1600
Lexington, KY 40507

Robyn Smith
ABNEY LAW OFFICE PLLC
624 W Main St 5th FL
Louisville, KY 40202

Presiding Judge: HON. PAMELA GOODWINE (622212)

Package : 000013 of 000013